### 11279

#### O'CAIN v. LANGSTON *ET AL.*

##### (118 S. E., 534)

INSURANCE—MORTGAGEE ENTITLED TO RECOVER INSURANCE PROCEEDS FROM MORTGAGOR'S HUSBAND, WHO THROUGH MISTAKE WAS NAMED AS BENEFICIARY, THOUGH MORTGAGEE'S ATTORNEY KNEW OF MISTAKE AND FAILED TO NOTIFY INSURER.—Where a mortgage required mortgagor to take out insurance for mortgagee's benefit, but by mistake the insurance was taken out in the name of mortgagor's husband, and after a loss he promised to pay over to mortgagee's assignee the proceeds of the policy when insurer paid him, *held* that mortgagee's assignee can recover from mortgagor's husband the amount he received from insurer, though the attorney of mortgagee's assignee did not notify insurer of the mistake.

Before DEVORE, J., Sumter, Fall Term, 1922.   Reversed.

Action for the foreclosure of a mortgage by Gertrude I. O'Cain against Pauline Langston and another.   From a judgment denying plaintiff's right to an insurance fund, plaintiff appeals.

*Mr. L. D. Jennings,* for appellant, cites:   *Wrong name in policy can be corrected:*   102 S. C., 313; 74 S. C., 246. *Trust in personalty may be created by parol:*   26 R. C. L., 1180; 74 S. C., 246; 34 S. C., 259; 14 S. C., 210.   *Insurance fund in hand of trustee subject to assignment clause in mortgage by wife:*   52 S. C., 309; 56 S. C., 355.

*Messrs H. D. Moise* and *Tatum & Wood,* for respondent, cite:   *Equity will not aid party to inequitable conduct:*   21 C. J., 180–184, 185; 11 Rich. L., 605; Rice. Eq. 40; 4 Rich.

L., 491; 14 S. C., 154; 29 S. C., 116; 53 S. C., 480; 43 S. C., 243.

July 23, 1923. .

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This action was commenced about December 13, 1921, for the foreclosure of a mortgage executed by Pauline Langston to L. D. Jennings, and subsequently assigned to the plaintiff, Mrs. O'Cain, and for the recovery of the sum of $1,000, which it was alleged was the proceeds of a certain fire insurance policy covering the dwelling house on the mortgaged premises.

No question was made in the case below, or is made on this appeal, as to the amount due on the bond secured by the mortgage, or as to the plaintiff's right to foreclosure. The defendant, S. J. Langston, Jr., however, claimed the proceeds of the insurance policy in his own right, and the entire controversy concerns the right of the plaintiff to recover this fund from him.

The testimony was taken before E. C. Haynsworth, Master for Sumter County, who reported the same, without findings of fact. The case was heard by his Honor, Judge J. W. DeVore, who, by a decree dated December 12, 1922, denied the right of plaintiff to the insurance fund.

Appellant has four exceptions, and respondents have two additional grounds to sustain the judgment. In the four exceptions of the appellant two propositions are presented. The first proposition is that there was no improper conduct on the part of L. D. Jennings.

We do not see, even if there was improper conduct on the part of Mr. Jennings, how the appellant, an entirely innocent party who knew nothing at all about the matter, should be punished by depriving her of her rights, if any, in the insurance fund by the action of her attorney.

We see no evidence in the case to sustain his Honor's finding that Mr. Jennings conspired with S. J. Langston, Jr., to defraud the insurance company for the purpose of having Langston pay the insurance money over to his client, Mrs. O'Cain. His conduct throughout the whole transaction was ethical and proper, and shows an entire absence of any intent to defraud the insurance company. He did not represent the insurance company. He owed no duty to any one other than his client, Mrs. O'Cain. His duty was to protect her rights under the insurance clause in the mortgage.

He had every reason to assume that the insurance company was fully capable of protecting its interests and knew what it was doing about the policy when he found out from Langston that a mistake had been made in the issuance of the policy and a promise on the part of Langston to pay over to Mrs. O'Cain, his client, the money when collected; it was not his duty to notify the insurance company that a mistake had been made, and possibly stir up a lawsuit. His duty to his client was to do just what he did do, keep quiet and let Langston and the insurance company adjust the matter at that stage of the proceeding if he was called upon to do anything.

To have notified the insurance company on his part would have been poor policy and unethical and detrimental to the interests of his client. He took the proper legal course in protecting the interests of his client, and we are decidedly of the opinion that there is nothing in his conduct to be condemned, but from a professional standpoint his conduct was commendable. His action was solely intended to protect his client's interests under the mortgage, and no other inference can be drawn from his entire action in the entire transaction. The claim was not unjust or illegal, and Jennings was anxious to protect his client's interest without delay or litigation.

We think that under all the facts and circumstances of the case, the insurance money in the hands of Langston in reality belonged to his wife, and was subject to the assignment contained in the mortgage.

Mrs. Langston had covenanted in the mortgage to insure until indebtedness was paid and to assign the policies of insurance. The policy was taken out in her husband's name instead of hers. We nowhere see any evidence whereby the husband had an insurable interest. He told Jennings a mistake had been made in the name, and when he collected it he would pay over according to the intent of the mortgage. The insurance company paid it to him, and now he declines to pay it over.

There is no doubt that Jennings made a correct statement as to what occurred between him and Langston, Langston does not contradict it; does not testify at all. Under the facts of the entire case we are of the opinion that the case stands precisely as if the policy had been written in the name of Mrs. Langston, and the appellant has an equitable lien on the proceeds of policy; the testimony shows that the policy was in the husband's name by mistake and was intended to be the policy of the wife. Such being the case, appellant is entitled to the proceeds of the policy.

MESSRS. JUSTICES FRASER, COTHRAN, and MARION, concur.

MR. CHIEF JUSTICE GARY did not participate.